IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**CHARLES MASTERS**                                                                                          **PETITIONER**

**VS.**                                              **CASE NO. 2:11CV00238 JLH/HDY**

**T.C. OUTLAW,**
**WARDEN, FCI FORREST**
**CITY, ARKANSAS**                                                                                            **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.     Why the record made before the Magistrate Judge is inadequate.

1

    2.       Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.       The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## DISPOSITION

The petitioner, in federal custody at FCI Forrest City, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He alleges that he is being wrongfully denied placement in a Residential Reentry Center ("RRC"). Specifically, he contends: (1) a municipal court in Kansas failed to rule on petitioner's pending motions regarding outstanding warrants against him and, as a result, petitioner has been denied RRC placement; and (2) the Bureau of Prisons ("BOP") failed to timely consider petitioner for RRC placement.

The issue of RRC placement is governed by 18 U.S.C. §3624(c), commonly referred to as the Second Chance Act. This statute requires that the Bureau of Prisons (BOP) shall, "to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a

reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility." 18 U.S.C. §3624(c)(1). The BOP has issued regulations directing that inmates must be reviewed for pre-release RRC placement 17-19 months before their projected release dates. *Miller v. Whitehead*, 527 F.3d 752, 756 (8th Cir. 2008).

The respondent contends the petitioner has failed to exhaust his administrative remedies, and that the claims are without merit.

We first consider the allegation that the petitioner has not exhausted available administrative remedies. A prisoner is typically required to exhaust his administrative remedies before filing a petition pursuant to 28 U.S.C. § 2241. *See United States v. Chappel*, 208 F.3d 1069 (8th Cir. 2000). A prisoner aggrieved by an action of the BOP is required to exhaust his administrative remedies by presenting his grievance to the BOP in accordance with the provisions of the administrative procedure codified at 28 C.F.R. § 542.10 through 542.19. Under the procedure, the prisoner first seeks informal resolution of his grievance with the prison staff. If informal resolution fails, the prisoner then pursues a three-step process within the prescribed time intervals. The prisoner formally appeals to the Warden, then to the Regional Director, and last to the Office of General Counsel. The prisoner's administrative remedies have not been exhausted until his grievance has been filed and denied at each step. *See Ortiz v. Fleming*, 2004 WL 389076 (N.D. Texas 2004).

In this instance, the respondent claims the petitioner has not filed any administrative remedy requests while incarcerated. Docket entry no. 8, page 2. In response, the petitioner concedes that he has not sought administrative relief. He contends it is futile for him to pursue administrative relief because the BOP does not consider inmates for RRC placement if there are pending warrants against the petitioner, as in this case with the outstanding warrants from Kansas. The petitioner

3

further cites BOP Regulation 7310.04, which states that inmates with outstanding warrants "shall not ordinarily participate in" RRC programs. According to the petitioner, the phrase *shall not ordinarily* allows the BOP to exercise discretion and place him in an RRC setting.

In this instance, the Court is left to speculate how the BOP would decide the issues now raised by Mr. Masters. In other words, the petitioner has failed to seek relief via the administrative remedies available to him. We find no reason why the petitioner should be excused from pursuing his administrative avenues of relief; it is his opinion, not an established fact, that such an exercise would be futile. As a result, we recommend that the petition be dismissed without prejudice due to the petitioner's failure to exhaust his available administrative remedies.

IT IS SO ORDERED this __7__ day of March, 2012.

                                                                                                     _____
                                                                                                     UNITED STATES MAGISTRATE JUDGE